IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Trinidad Mederos, ) | Civil Action No.: 4:19-2770-BHH |
| Petitioner, ) | |
| v. ) | **ORDER** |
| Warden, FCI Edgefield, ) | |
| Respondent. ) | |

On September 30, 2019, Petitioner Trinidad Mederos ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 3, 2019, the Respondent filed a motion to dismiss or, in the alternative, for summary judgment. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for review.

The Magistrate Judge issued an order on January 7, 2019, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the pending motion and the possible consequences if he failed to respond. Petitioner failed to respond. Thus, on February 18, 2020, the Magistrate Judge issued a Report and Recommendation, outlining the issues and recommending that the Court dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Petitioner's failure to prosecute and/or failure to comply with the Court's orders. On March 2, 2020, Petitioner filed objections to the Magistrate Judge's Report along with a response to Respondent's motion to dismiss or for summary judgment. Accordingly, in an order filed June 18, 2020, the Court declined to adopt the Magistrate Judge's Report and recommitted the matter to the Magistrate Judge to address the merits of Petitioner's claims.

On July 6, 2020, the Magistrate Judge issued a subsequent Report outlining the issues and recommending that the Court grant Respondent's motion for summary judgment. In the Report, the Magistrate Judge found no evidence of a due process violation because Petitioner received all of the due process safeguards in accordance with *Wolff v. McDonnell*, 418 U.S. 539 (1974). Attached to the Report was a notice advising the parties of the right to file objections to the Magistrate Judge's Report within fourteen days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Petitioner has not shown a due process violation under *Wolff*. Accordingly, the Court

adopts and incorporates the Magistrate Judge's Report (ECF No. 30), and the Court grants Respondent's motion for summary judgment (ECF No. 19).

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
Bruce Howe Hendricks
United States District Judge

July 27, 2020
Charleston, South Carolina

******

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.