IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Trinidad Mederos, ) | Civil Action No.: 4:19-2770-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **AMENDED ORDER** |
| ) | |
| Warden, FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On September 30, 2019, Petitioner Trinidad Mederos ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a hearing before a disciplinary hearing officer ("DHO"), which resulted in the loss of 41 days of good time credits as one of the sanctions. On January 3, 2019, the Respondent filed a motion to dismiss or, in the alternative, for summary judgment. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for review.

The Magistrate Judge issued an order on January 7, 2019, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the pending motion and the possible consequences if he failed to respond. Petitioner failed to respond. Thus, on February 18, 2020, the Magistrate Judge issued a Report and Recommendation, outlining the issues and recommending that the Court dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Petitioner's failure to prosecute and/or failure to comply with the Court's orders. On March 2, 2020, Petitioner filed objections to the Magistrate Judge's Report along with a response to Respondent's motion to dismiss

or for summary judgment. Accordingly, in an order filed June 18, 2020, the Court declined to adopt the Magistrate Judge's Report and recommitted the matter to the Magistrate Judge to address the merits of Petitioner's claims.

On July 6, 2020, the Magistrate Judge issued a subsequent Report outlining the issues and recommending that the Court grant Respondent's motion for summary judgment. In the Report, the Magistrate Judge found no evidence of a due process violation because Petitioner received all of the due process safeguards in accordance with *Wolff v. McDonnell*, 418 U.S. 539 (1974). Attached to the Report was a notice advising the parties of the right to file objections to the Magistrate Judge's Report within fourteen days of receiving a copy.

On July 27, 2020, the Court entered an order adopting the Magistrate Judge's Report in the absence of any objections. However, on July 29, 2020, the Court received written objections from Petitioner, and in the interest of fairness, the Court now issues this amended order considering the merits of Petitioner's objections.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In this action, Petitioner asserts that on July 11, 2018, prison guards conducted a random search of his cell and found marijuana inside the mattress on the bottom bunk. Petitioner was charged with possession of drugs and placed in a special housing unit pending disciplinary review.  Petitioner asserts that he requested a language interpreter prior to the hearing, and that he was assigned interpreter J. Rivera.  Petitioner claims that he tried to explain that he was assigned to the top bunk on the date of the incident and that he did not know anything about the bottom bunk mattress or the marijuana.  According to Petitioner, the interpreter was having a difficult time conveying Petitioner's statements to the DHO, and no staff representative obtained evidence for Petitioner.  The DHO adjudicated Petitioner guilty, relying on evidence such as the officer's report and the alleged statements of Petitioner that he slept on the bottom bunk but did not know the marijuana was in there.  Petitioner claims that he did not say that he slept on the bottom bunk and that this fact could have been verified by the DHO simply reviewing the SENTRY records. Petitioner argues that a faulty translation occurred during the hearing and claims that he asked his "staff representative to provide the SENTRY files for proof that he slept on the top bunk."  (ECF No. 24-3 at 9.)

In the Magistrate Judge's Report, the Magistrate Judge found that nothing in the case indicated a violation of *Wolff v. McDonell*, 418 U.S. 539 (1974). The Magistrate Judge explained that Petitioner received written notice of the charges against him, a hearing, the right to call witnesses and present evidence, and a written decision explaining the evidence supporting the decision, the sanctions, the reason for the sanctions, and Petitioner's appellate rights.  Petitioner appealed, but the appeal was denied.  Essentially, the

Magistrate Judge explained that although Petitioner disagrees with the DHO's findings, there was "some evidence" to support the decision, and therefore, Petitioner's claim that he was denied due process is subject to dismissal.

In his objections, Petitioner essentially reiterates his claims and argues the same facts previously considered by the Magistrate Judge. Petitioner claims that he was not afforded the right to present evidence because the files he requested, which would have proven that he was assigned to the top bunk and not the bottom bunk, were never obtained or presented in his defense. Petitioner further objects that a *Wolff* violation certainly occurred because Respondent failed to investigate the facts of the case to determine which inmate was assigned to the bottom bunk. Petitioner reiterates his claim that he has continuously tried to "get the BOP to look at the SENTRY documents which prove he slept on the TOP bunk in order to prove that J. Rivera, his staff rep. mis-translated to the DHO his answer to which bunk he slept on." (ECF No. 37 at 3.) Petitioner contends that he has been prejudiced because no one will look for or present this evidence in his defense. As a final objection, Petitioner challenges the Magistrate Judge's finding that Petitioner received an impartial hearing and the he received the due process safeguards set forth in *Wolff*.

After review, the Court finds no merit to Petitioner's objections, as he simply rehashes his claims and does not point to any factual or legal error in the Magistrate Judge's analysis. As the Magistrate Judge explained, although Petitioner disagrees with the DHO's findings, the evidence does not demonstrate a violation of *Wolff*. Also, because "some evidence" supports the DHO's decision, this Court cannot say that it was arbitrary, capricious, or manifestly contrary to statute, such that this Court should weigh in and

second guess the DHO's findings. In all, the Court agrees with the Magistrate Judge that the record indicates that Petitioner received the due process safeguards set forth in *Wolff* and thus, Respondent is entitled to summary judgment.

Accordingly, the Court issues this amended order adopting and incorporating the Magistrate Judge's Report (ECF No. 30), overruling Petitioner's objections (ECF No. 37), and granting Respondent's motion for summary judgment (ECF No. 19).

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
Bruce Howe Hendricks
United States District Judge

July 31, 2020
Charleston, South Carolina

******

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.